# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*



**SUBJECT MEDIA**, which is a black in color Samsung "Smartphone" type cellular telephone, currently located in Bureau of Alcohol, Tobacco, Firearms and Explosives evidence custody at 100 Chestnut Street, Rochester, New York, and contained inside a clear plastic evidence bag stamped with a "N̲o̲ 204313" bearing green GPD evidence labels bearing a bar code and case number 19004245 and the number 006 & 007, and dated 01/23/2019

Case No. 19-MJ-**552**

## APPLICATION FOR A SEARCH WARRANT

I, RYAN J. SZWEJBKA, a Special Agent with ATF, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe property to be searched and give its location)*:

The subject property to be searched: **SUBJECT MEDIA**, which is a black in color Samsung "Smartphone" type cellular telephone, currently located in Bureau of Alcohol, Tobacco, Firearms and Explosives evidence custody at 100 Chestnut Street, Rochester, New York, and contained inside a clear plastic evidence bag stamped with a "N̲o̲ 204313" bearing green GPD evidence labels bearing a bar code and case number 19004245 and the number 006 & 007, and dated 01/23/2019, **and more fully described in Attachment A.**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:   **See** Attachment B for the Items to be Seized, all of which are fruits, evidence and instrumentalities in violation of 18 U.S.C. § 922(g)(1), 26 U.S.C.§ 5861(d), 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 924(c)(1)(A), and all of which are more fully described in the application and affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

   X     evidence of a crime;

   X     contraband, fruits of crime, or other items illegally possessed;

   X     property designed for use, intended for use, or used in committing a crime;

          a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of **18 U.S.C. § 922(g)(1), 26 U.S.C. § 5861(d), 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 924(c)(1)(A),** and the application is based on these facts which are continued on the attached sheet.

              ☐ Delayed notice of       days (give exact ending date if more than 30 days) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

RYAN J. SZWEJBKA, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  March **11** , 2019            _____
*Judge's signature*

City and State:   Rochester, New York       HON. JONATHAN W. FELDMAN, U.S. Magistrate Judge
*Printed name and title*

*19MJ552*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

SUBJECT MEDIA, which is a black in color Samsung "Smartphone" type cellular telephone, currently located in Bureau of Alcohol, Tobacco, Firearms and Explosives evidence custody at 100 Chestnut Street, Rochester, New York, and contained inside a clear plastic evidence bag stamped with a "No 204313" bearing green GPD evidence labels bearing a bar code and case number 19004245 and the number 006 & 007, and dated 01/23/2019; and

This warrant authorizes the forensic examination of the above-described cellular telephone for the purpose of identifying the electronically stored information described in Attachment B.

*19MJ552*

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED

All stored content related to narcotics trafficking, unlawful firearms possession, and, and content to prove relationships between any co-conspirators or any acts furthering narcotics/firearms trafficking, and unlawful firearms possession, including but not limited to:

(a) Logs of incoming and outgoing telephone calls, and any information associated with those calls, including but not limited to, telephone numbers, the time of the call, the date of the call, the duration of the call, and the name or other identifying information for the other party to the call;

(b) Logs of missed telephone calls, and any information associated with those calls, including but not limited to, telephone numbers, the time of the call, the date of the call, the duration of the call, and the name or other identifying information for the other party to the call;

(c) Contact lists and address books, including names, addresses, telephone numbers, and other identifying information;

(d) Incoming and outgoing text messages;

(e) Appointment calendars;

(f) Voicemails;

(g) Photographs and/or videos; and

(h) Global Positioning Satellite (GPS) data/logs.

19mj552

## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS

1. The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court

2. In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3. Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including ant extensions granted), the government shall return the computer or electronic media to the owner.

4. In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5. If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph four (4) above.

6. Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41 (g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7. Should there be a dispute or question over the ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify the Court so that such dispute or question can be resolved.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE SEARCH OF:

SUBJECT MEDIA, which is a black in color
Samsung "Smartphone" type cellular telephone,
currently located in Bureau of Alcohol, Tobacco, Firearms
and Explosives evidence custody at 100 Chestnut Street,
Rochester, New York, and contained inside a clear plastic
evidence bag stamped with a "N̲o̲ 204313" bearing green
GPD evidence labels bearing a bar code and case number
19004245 and the number 006 & 007, and dated 01/23/2019

19-MJ-552

---

## AFFIDAVIT IN SUPPORT
## OF A SEARCH WARRANT

**I, RYAN J. SZWEJBKA, being duly sworn, depose and state the following:**

1.      Your affiant, Special Agent Ryan J. Szwejbka, states that I am a Senior Special Agent

with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, &

Explosives (hereinafter designated as ATF), and am assigned to the Rochester, New York

Field Office.  Your affiant is a graduate of the Criminal Investigator School and the ATF

National Academy, both located at the Federal Law Enforcement Training Center in Glynco,

Georgia.  Your affiant has been employed as an ATF Special Agent for over seventeen years.

As part of my professional experience, I have participated in State and Federal investigations

involving the illegal possession of firearms and narcotics.  Previously, I was employed by the

State of South Carolina as a Probation and Parole Agent for one and one half years.  I earned

a Bachelor's of Science Degree from the University of South Carolina (USC) in Criminal

Justice in 1996.  I received my Master's Degree from USC in Criminal Justice in 1999.  I have

participated in the service of State and Federal search and seizure warrants and have seized or assisted in seizing contraband, including firearms, ammunition, documentary evidence and contraband. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the SUBJECT MEDIA, more fully described below and in Attachment A, and the extraction from that property of electronically stored information described in Attachment B.

3.      The information contained in this affidavit is based upon my personal knowledge, obtained from conversations with, analysis of documents and records obtained by ATF agents and Greece Police Department officers, who were personally involved in the investigation and arrest of Daniel OWENS (hereinafter "OWENS") and the search of 254 Estall Road, Greece, New York on or about January 23, 2019.  Since this affidavit is being submitted for the limited purpose of obtaining the search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts I believe necessary to establish the required foundation for the requested warrant.

4.      As set forth in greater detail below, I believe there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 922(g)(1) (possession of ammunition by a felon), Title 26, United States Code, Section 5861(d) (possession of an unregistered destructive device), Title 21, United States Code, Section 846 (conspiracy to possess a controlled substance with intent to distribute), Title 21, United States Code, Section 841(a)(1) (possession of a controlled substance with intent to distribute), and Title 18, United

States Code, Section 924(c)(1)(A) (possession of a firearm in furtherance of drug trafficking offenses), as set forth in Attachment B, related to narcotics trafficking, possession of a unregistered destructive device and ammunition, will be found on the SUBJECT MEDIA.

## RELEVANT STATUTES

5.      This investigation concerns an alleged violation of Title 18, United State Code, Section 922(g)(1), which prohibits a person from knowingly possessing a firearm and ammunition, in and affecting interstate commerce, while being a convicted felon.

6.      This investigation concerns an alleged violation of Title 26, United State Code, Section 5861(d), which prohibits a person from receiving or possessing a firearm not registered to him in the National Firearms Registration and Transfer Record.  Title 26, United States Code, Section 5845(a)(8) includes a destructive device in the definition of a firearm.

7.      This investigation concerns a potential violation of Title 21, United States Code, Section 846, which prohibits any person from conspiring with others to possess a controlled substance with intent to distribute it.

8.      This investigation concerns a potential violation of Title 21, United State Code, Section 841(a)(1), which prohibits a person from knowingly possessing a controlled substance with the intent to distribute it.

9.      This investigation also concerns a potential violation of Title 18, United States Code, Section 924(c)(1)(A) which prohibits a person from knowingly and unlawfully possessing a

firearm in furtherance of drug trafficking offenses.  Your affiant is also aware that Title 18, United States Code, Section 921(a)(3) defines firearm to include a destructive device.

**PROPERTY TO BE SEARCHED: SUBJECT MEDIA**

10.    This affidavit is submitted in support of an application for a warrant to search the SUBJECT MEDIA, which is a black in color Samsung "Smartphone" type cellular telephone, currently located in Bureau of Alcohol, Tobacco, Firearms and Explosives evidence custody at 100 Chestnut Street, Rochester, New York, and contained inside a clear plastic evidence bag stamped with a "No 204313" bearing green GPD evidence labels bearing a bar code and case number 19004245 and the number 006 & 007, and dated 01/23/2019.

**FACTS ESTABLISHING PROBABLE CAUSE**

11.    On or about January 23, 2019, Greece Police Department (GPD) Officers Shaun Moore and Olivia Miller were dispatched to 254 Estall Road, Greece, New York, after an anonymous 911 caller reported that several individuals at this address were building bombs inside the residence.  In response to the information, officers went to the location to knock on the door and speak with the occupants. When GPD Officer Moore knocked on the door, a person the investigation identified as OWENS answered the door.   Upon entering the residence, officers learned a person identified as Nicole TEALL, who is OWENS' sister, a person identified as Claire TEALL, who is OWENS' mother, and a person identified as David TEALL, who is OWENS' brother, were inside. Officer Moore explained to all of the family members that information was received that there were bombs present in the residence. After a brief amount of time, OWENS explained, in sum and substance, he manufactured

what he referred to as a "bomb." OWENS further stated, in sum and substance, he would show Officer Moore the bomb and that is was in his room. OWENS' motioned with his hand toward a bedroom attached to the living room. OWENS led Officer Moore into a bedroom where he observed a bed and male clothing on the floor. OWENS then proceeded to open a cabinet door on a desk and Officer Moore observed a cylindrical object, which officers believed was a pipe bomb, with what appeared to be a detonation cord protruding from the top of the cylinder.  Officer Moore then observed a large clear container on the bedroom floor, which contained an assortment of nails, bolts and small metal objects. Your affiant is aware based upon training and experience that these items are commonly used as shrapnel in explosive devices.

12.    When asked about the container, OWENS stated in, sum and substance, that he "packed the bomb with that stuff." OWENS further mentioned, in sum and substance, that he constructed the bomb because he was getting threats from someone he knew and he could not own a firearm.  OWENS further informed Officer Moore that he had spent time in the United States Military, serving in a "Security Forces" position, and some of his knowledge was obtained while serving in the "Security Forces" position.

13.    All of the family members were transported to the GPD headquarters where the SUBJECT MEDIA was seized by GPD directly from OWENS and is currently maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives at 100 Chestnut Street, Rochester, New York, evidence custodian inside the evidence bags described above in this affidavit. While there, OWENS refused to speak with officers. Officers interviewed Nicole TEALL. During the interview, she said, in sum and substance, that she had not seen a bomb

but, approximately two weeks prior, she overheard OWENS and a friend named Cody LNU talking about making a bomb after a narcotics deal she helped facilitate went bad. More specifically, Nicole TEALL said she referred Cody LNU, who Nicole TEALL said would sell marijuana, to Daniel WILLIAMS, who she said she knew was looking to purchase marijuana. She said she was present, along with OWENS and Cody LNU, during the deal and that WILLIAMS robbed Cody LNU of marijuana and further explained that Daniel WILLIAMS took marijuana from Cody LNU and ran away with it. Nicole TEALL advised that WILLIAMS sent her threatening messages on her cellular telephone, including sending pictures through Snap-Chat of WILLIAMS with a handgun, and OWENS was angry about it. Nicole TEALL said that, as far as she knew, nobody made any threats about utilizing the pipe bomb. Nicole TEALL further said the bedroom belonged to her and the desk in the bedroom belonged to OWENS. She also said she had seen the pipe bomb prior but did not know about the presence of the pipe bomb in the desk. She also said she knew about the container of various nails, screws and bolts. During the interview, Nicole TEALL said OWENS owned a smart phone, as did Cody LNU, and that she had a laptop in the house but her brothers did not use the laptop. Nicole TEALL provided a written statement summarizing the events.

14.    Officers interviewed David TEALL. During the interview, he said, in sum and substance, Nicole TEALL was taking a person to sell marijuana to another person and the marijuana was stolen during the deal. David TEALL said that OWENS tried to show him the pipe bomb and David TEALL said he told OWENS he did not want to know about it and he did not want anything to do with it. David TEALL said he believed OWENS made the

device to scare the person who took the marijuana because he believed this person sent pictures of guns to Nicole TEALL. David TEALL said he did not know this person's name but he had seen him before. He did not know if OWENS sent pictures of the pipe bomb to anyone and he did not know what OWENS planned to do with the device.

15.     During the investigation, GPD secured a search warrant for 254 Estall Road, Greece, New York, and executed it. The Monroe County Sheriff's Office (MCSO) Bomb Squad, along with ATF Senior Special Agent Bomb Technician Gerard O'Sullivan, responded to the scene. Prior to the search of the residence, members from the MCSO Bomb Squad and SA O'Sullivan X-rayed the cylindrical object, which officers believed was a pipe bomb, prior to removal from the residence. Officers also discovered what they believed to be a Molotov cocktail device next to the cylindrical object, which officers believed was a pipe bomb. Officers discovered the Molotov cocktail device was constructed from a clear glass bottle which contained a clear unknown liquid with a cloth wick affixed in place by a bonding agent. Once the cylindrical pipe bomb device and Molotov cocktail device were removed, the residence was searched. Inside the same bedroom, officers also found and seized four (4) rounds of 20-gauge shotgun ammunition. Your affiant has learned one (1) round was manufactured by Remington and three (3) rounds were manufactured by Winchester. Your affiant believes, based upon training and experience, the shotgun rounds were ammunition, or cartridge cases, primers, bullets, or propellant powder designed for use in a firearm.

16.     During the search of the residence, officers also located an HP Pavilion Laptop computer and a second Samsung smartphone-type cellular telephone in an upstairs bedroom, designated as the "left" bedroom, which is a different bedroom from the one in which officers

located, among other things, the cylindrical pipe bomb device, Molotov cocktail device and four (4) rounds of 20-gauge shotgun ammunition. Law enforcement could see the password screen which requires a user to enter a password prior to using the computer displayed the name Nicole. Law enforcement found no other electronic media devices in the residence. The HP Pavilion Laptop computer and the second Samsung smartphone-type cellular telephone are currently maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives at 100 Chestnut Street, Rochester, New York, evidence custodian.

17.     Your affiant spoke to SA O'Sullivan regarding the suspected pipe bomb device. SA O'Sullivan advised that after the suspected pipe bomb was X-rayed, it was observed to be a PVC type pipe which contained various screws and/or nails. From the X-ray it was not known if it contained explosive powder. The device was subsequently disassembled and found to contain approximately 28 grams of an unknown brand of smokeless powder, a quantity of white tissue paper, various screws and nails, and what appeared to be a home-made wick protruding from the top. Monroe County Bomb Squad Commander David Gutzmer, who was assisting SA O'Sullivan, conducted a test of the smokeless powder by removing a sample of the smokeless powder and exposing it to flame. The smokeless powder ignited. SA O'Sullivan's assessment, based on his training and experience, all of the components are consistent with a destructive device.

18.     Your affiant has learned OWENS was convicted in Monroe County Court, on or about July 9, 2018, of Criminal Possession of a Firearm, a Class E Felony, and was sentenced to a conditional discharge. Your Affiant researched the aforementioned ammunition and found that it was not manufactured in the State of New York and consequently would have

affected interstate commerce. Your affiant further contacted the National Firearms Act Branch to determine if OWENS has ever registered a pipe bomb as required by Federal Law. Your affiant was advised that no record of OWENS was found as having any NFA items registered to him.

19.     As a result of this investigation, OWENS was arrested and charged by complaint in United States District Court for the Western District of New York with violating Title 18, United States Code, Section 922(g)(1) (possession of ammunition by a felon) and Title 26, United States Code, Section 5861(d) (possession of an unregistered destructive device). The charges remain pending.

## THE USE OF CELLULAR TELEPHONES AND COMPUTERS BY NARCOTICS TRAFFICKERS AND POSSESSORS OF ILLEGAL FIREARMS.

20.     Based on my training and experience, and participation in this and other investigations, I know that:

    a.      Narcotics/firearms traffickers and possessors of illegal firearms often employ cellular telephones as a means of communicating with each other. Narcotics and firearms traffickers, and possessors of illegal firearms often utilize cellular telephones to relay a variety of illicit information including, but not limited to, telephone numbers of co-conspirators, digital codes to identify the caller, digital codes to indicate the location of a meeting place, the amount of a controlled substance or its purchase price, or other information designed to facilitate criminal activity. Narcotics and firearms traffickers and possessors of illegal firearms frequently maintain in the memories of their cellular telephones the names, telephone numbers, recorded messages,

photographs and other items of information concerning themselves and individuals associated in their criminal activities. Narcotics and firearms traffickers and possessors of illegal firearms commonly maintain cellular phones and other communication devices in their residences that are utilized to further their narcotics and firearms trafficking activities.

b.      People who illegally purchase, possess or engage in trafficking of firearms and narcotics commonly take, or cause to be taken, photographs/videos of themselves, their associates, their property, or their firearms, and usually maintain these photographs/videos in their residences. These photographs/videos are frequently stored in electronic storage mediums, including but not limited to cellular camera phones, home computers, and computer storage disks.

21.     It is hereby requested that authority be given to search the SUBJECT MEDIA as seized by members of law enforcement from OWENS, on or about January 23, 2019, as it may contain evidence which relates to violations of Title 18, United States Code, Section 922(g)(1) (possession of ammunition by a felon), Title 26, United States Code, Section 5861(d) (possession of an unregistered destructive device), Title 21, United States Code, Section 846 (conspiracy to possess a controlled substance with intent to distribute), Title 21, United States Code, Section 841(a)(1)(possession of a controlled substance with intent to distribute), and Title 18, United States Code, Section 924(c)(1)(A) (possession of a firearm in furtherance of drug trafficking offenses).

## CONCLUSION

Based on the forgoing, and upon my training and experience, I believe that probable cause exists to believe that the SUBJECT MEDIA contains information that constitutes evidence, contraband, and fruits of a crime, to wit, violations of Title 18, United States Code, Section 922(g)(1) (possession of ammunition by a felon), Title 26, United States Code, Section 5861(d) (possession of an unregistered destructive device), Title 21, United States Code, Section 846 (conspiracy to possess a controlled substance with intent to distribute), Title 21, United States Code, Section 841(a)(1)(possession of a controlled substance with intent to distribute), and Title 18, United States Code, Section 924(c)(1)(A) (possession of a firearm in furtherance of drug trafficking offenses), including the specific information and data set forth in Attachment B.   Accordingly, it is respectfully requested that the Court issue a warrant authorizing law enforcement officers to search the SUBJECT MEDIA, as described in Attachment A, for evidence of the above violations, as set forth in Attachment B.

RYAN J. SZWEJBKA
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
    Explosives

Sworn to and subscribed before me
this ____ day of March, 2019

HONORABLE JONATHAN W. FELDMAN
United States Magistrate Judge